Textron Financial Corporation (hereinafter "Textron") appeals from an order enjoining it from drawing on an irrevocable letter of credit issued by AmSouth Bank, N.A., on behalf of The Finch Companies, Inc. (hereinafter "Finch").
On December 21, 1989, Finch and Textron entered into a master lease agreement wherein Finch agreed to lease seven Kenworth trucks from Textron. On December 29, 1989, Finch applied to AmSouth Bank for an irrevocable standby letter of credit in favor of Textron; a credit memorandum indicates that the issuance of the letter of credit to Textron is associated with the lease agreement. On that same day, AmSouth issued an irrevocable standby letter of credit for Finch's account in the amount of $116,500 in favor of Textron. The letter of credit provided, in part:
 "Funds under this Letter of Credit are available against your draft(s) mentioning our credit number and accompanied by your signed statement reading as follows:
 " 'We certify that The Finch Companies, Inc., is in default under the terms and conditions of their financial agreement with Textron Financial Corporation and that the amount of this draft is not in excess of the outstanding sums due under said agreements.' "
On November 12, 1991, the trial court, in a related case, entered an order appointing J. Walter Hayes as receiver and trustee for Finch and granting Hayes unlimited power and discretion as to the management of the company. Hayes, as receiver for Finch, then sued AmSouth Bank and Textron, seeking an injunction enjoining AmSouth Bank from paying any amount to Textron *Page 1364 
pursuant to the letter of credit and enjoining Textron from collecting any amount from Finch. Hayes also asked the trial court to declare that Finch has no further liability to Textron. The trial court entered an order 1) permanently enjoining Textron from drawing under the letter of credit or from collecting on any claim against Finch until such time as Textron's claim is established in another proceeding and 2) enjoining AmSouth from paying Textron any amounts under the letter of credit until Textron's claim is established. The trial court denied Textron's motion to alter, amend, or vacate; this appeal followed.
Textron argues that the letter of credit is independent of the underlying contract and that, because there is no evidence of forgery or fraud in the issuance of the letter or fraud in the underlying transaction, the trial court erred in enjoining payment under the letter of credit. Textron also argues that Hayes is not entitled to the injunctive relief because, it contends, Hayes has failed to show the absence of an adequate remedy at law. Hayes contends that even though a letter of credit is generally independent of the underlying transaction, Textron was bound to a warranty of presentment under the terms of the letter of credit and that Textron could not comply with the warranty of presentment.
In Benetton Services Corp. v. Benedot, Inc., 551 So.2d 295
(Ala. 1989), this Court, holding that there was no evidence of fraud and no showing of irreparable harm, because Benedot had an adequate remedy at law, i.e., an action for breach of contract, reversed the trial court's order granting a preliminary injunction enjoining Benetton from drawing upon a letter of credit. In this case, as in Benetton, there is no evidence of fraud and no showing of irreparable injury. Specifically, Hayes has an adequate remedy at law, i.e., an action on Finch's behalf for breach of warranty. Accordingly, we hold that the trial court erred in granting the injunction enjoining payment under the letter of credit. On the authority of Benetton, supra, the trial court's judgment is reversed and the injunction is hereby dissolved.
REVERSED AND INJUNCTION DISSOLVED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.